UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMMIE L. OWENS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA BOARD OF PRISON TERMS,<br><br>　　　　　Respondent. | No.  2: 13-cv-0156 KJN P<br><br><br>ORDER |

　　　　Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is serving a life sentence following his 1977 conviction for murder.  Petitioner has consented to the jurisdiction of the undersigned.  (ECF No. 4.)

　　　　This action is proceeding on the original petition.  (ECF 1.)  Petitioner raises three claims. First, petitioner alleges that his sentence violates the Eighth Amendment.  Second, petitioner alleges that the finding by the Board of Parole Hearings ("BPH") that he posed an unreasonable risk of danger if released was not supported by some evidence.  Third, petitioner alleges that the BPH decision finding him unsuitable for parole was based on an inaccurate psychological evaluation.

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court...." Rule 4, 28 U.S.C. foll. § 2254.  It is plain from the petition and the attachments thereto that petitioner is not entitled to relief in this action. Accordingly, for the reasons discussed herein, this action is dismissed.

*Claim One*

Petitioner alleges that in 1977, he was sentenced to 7 years to life under the Indeterminate Sentencing Law ("ISL").  (ECF No. 1 at 16.)  Petitioner alleges that his minimum eligible parole date ("MEPD") was originally set for February 1984.  (Id.)  Petitioner alleges that respondent ignored the MEPD set under the ISL and reset it to February 1985.  (Id. at 17.)  Petitioner argues that the BPT continues to ignore the fact that his fixed term was reset.  Petitioner argues that his "new" sentence violates the Eighth Amendment.

Title 28 U.S.C. § 2254(d)(1) provides that an application for writ of habeas corpus shall not be granted with respect to any claim that was adjudicated in State court proceeding unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

"In examining the reasonableness of the state courts' decisions, we look to 'the last explained state-court judgment' on [the] claim."  Milke v. Ryan, 711 F.3d 998, 1005 (9th Cir. 2013) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991)); see, e.g., Avila v. Galaza, 297 F.3d 911, 918 n. 6 (9th Cir. 2002) (examining a referee's report denying habeas petition because it was the last reasoned decision of the state court).

In the instant case, the last state court to issue a reasoned decision addressing petitioner's Eighth Amendment claim was the San Joaquin County Superior Court.  (ECF No. 1 at 22-23, 26, 28.)  The San Joaquin County Superior Court denied this claim for the reasons stated herein:

> Regarding petitioner's first contention, case law holds that the ISL is constitutional so long as the sentence is proportionate to the crime committed and so long as the sentence does not shock the conscience or offend fundamental notions of human dignity.
>
> The California Constitution's prohibition of cruel or unusual punishment similarly prohibits imposing a criminal sentence which is "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (In re Lynch (1972) 8 Cal.3d 410, 424, fn. omitted; see also People v.

> Dillon (1983) 34 Cal.3d 441, 478, 194 Cal.Rptr. 390, 668 P.2d 697 (Dillon); Cal. Const., art. I, 17.)
>
> We, like the trial court when it determined the sentence and when it later refused to modify the sentence, use a three-pronged approach to determine whether particular sentence is grossly disproportionate. First, we review "the nature of the offense and/or the offender, with particular regard to the degree of danger both present to society." (In re Lynch, supra, 8 Cal.3d at p. 425.)  Second, we compare the challenged punishment with punishments prescribed for more serious crimes in our jurisdiction. (Id. at p. 426.) The importance of each of these prongs depends upon the facts of each specific case.  (In re DeBeque (1989) 212 Cal.App.3d 241, 249.) Indeed, we may base our decision on the first prong alone. (Dillon, supra, 34 Cal.3d at pp. 479, 482-488.)  People v. Johnson (2010) 183 Cal.App.4th 253, 296-97.

Accordingly, based upon the foregoing, petitioner's first contention fails. (Id. at 23.)

With the exception of capital cases, successful Eighth Amendment challenges to the proportionality of a sentence have been "exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. Solem v. Helm, 463 U.S. 277, 288, 303 (1983). A life sentence for murder, even without the possibility of parole, is not constitutionally disproportionate. Harris v. Wright, 93 F.3d 581, 583–85 (9th Cir. 1996).

The denial of this claim by the San Joaquin Superior Court was not an unreasonable application of Supreme Court authority. Accordingly, this claim is denied.

*Claims 2 and 3*

As discussed above, in claim two, petitioner alleges that the finding by the BPH that he posed an unreasonable risk of danger if released was not supported by some evidence. In claim three, petitioner alleges that the BPH decision finding him unsuitable for parole was based on an inaccurate psychological evaluation. In claims two and three, petitioner is challenging the results of his 2010 parole suitability hearing.

The federal due process clause does not require the correct application of California's 'some evidence' requirement and federal habeas corpus relief is therefore not available even

3

1  where a state court errs in applying the state's "some evidence" standard.  Swarthout v. Cooke,
2  131 S. Ct. 859, 861–62 (2011); see also Miller v. Oregon Bd. of Parole and Post–Prison
3  Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in [Swarthout v.]
4  Cooke that in the context of parole eligibility decisions the due process right is procedural, and
5  entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole
6  board's decision [.]"); Roberts v. Hartley, 640 F.3d 1042, 1045–46 (9th Cir. 2011) (under the
7  decision in Swarthout, California's parole scheme creates no substantive due process rights and
8  any procedural due process requirement is met as long as the state provides an inmate seeking
9  parole with an opportunity to be heard and a statement of the reasons why parole was denied);
10 Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("While the Court did not define the
11 minimum process required by the Due Process Clause for denial parole under the California
12 system, it made clear that the Clause's requirements were satisfied where the inmates 'were
13 allowed to speak at their parole hearings and to contest the evidence against them, were afforded
14 access to their records in advance, and were notified as to the reasons why parole was denied.'")

15    On May 23, 2013, petitioner filed a copy of the transcript from his December 2010 parole
16 suitability hearing. (ECF No. 11.)  After reviewing the transcript, it is clear that petitioner was
17 allowed to speak at the 2010 suitabilty hearing and permitted to contest the evidence against him.
18 It is also clear that he was notified as the reasons he was found unsuitable.  Petitioner does not
19 claim, and nor does it appear from the transcript, that he was not afforded access to his records in
20 advance.

21    Petitioner received all the due process to which he was entitled at the 2010 parole
22 suitability hearing.  Accordingly, his claim alleging insufficient evidence to support the BPH's
23 finding that he posed an unreasonable risk of danger if released and his claim challenging the
24 BPH's alleged reliance on an inaccurate psychological evaluation are without merit.

25    Accordingly, IT IS HEREBY ORDERED that this action is dismissed.
26 Dated:  August 9, 2013

27                                                                                  _____
                                                                                    KENDALL J. NEWMAN
28 owens156.56                                                                      UNITED STATES MAGISTRATE JUDGE